**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **G.C. ZARNAS & CO., INC.(NE)**<br>850 Jennings St.<br>Bethlehem, PA 18017<br><br>*Plaintiff,*<br><br>v.<br><br>**WESTERN SURETY CO.**<br>151 N. Franklin Street, 17th Floor<br>Chicago, Illinois 60606<br><br>*Defendant.* | **CIVIL ACTION**<br><br>**NO.____________________** |

## COMPLAINT

Plaintiff, G.C. Zarnas & Co., Inc. (NE) ("Zarnas"), by and through its undersigned counsel, Cohen Seglias Pallas Greenhall & Furman, P.C., hereby files this Complaint against Defendant, Western Surety Company ("Western Surety") and in support thereof, avers as follows:

## PARTIES

1. Zarnas is a corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a registered address of and principal place of business located at 850 Jennings St., Bethlehem, PA 18017.

2. Western Surety is a company organized and existing pursuant to the laws of the State of South Dakota, with a principal place of business located at 151 N. Franklin Street, 17th Floor, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based on diversity citizenship, because the matter involves an amount in controversy that

exceeds $75,000, exclusive of interests and costs, and there exists complete diversity between the parties, as Plaintiff is not a citizen of the same state as any Defendant.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant transacts business in Pennsylvania, including in connection with the construction project that forms the subject matter of this lawsuit.

5. Venue is properly laid in this District because a substantial part of the events and/or omissions giving rise to the claims set forth herein occurred in this judicial District.

## **FACTUAL BACKGROUND**

6. This case involves a construction project known as the Southeastern Pennsylvania Transportation Authority Chestnut Hill East Bridge Rehab Program (the "Project") located in Philadelphia, Pennsylvania.

7. The Owner of the Project was the Southeastern Pennsylvania Transportation Authority ("SEPTA").

8. Upon information and belief, SEPTA entered into a contract (the "Prime Contract") with Road-Con, Inc. ("Road-Con"), whereby Road-Con was to act as the general contractor on the Project.

9. On or about May 20, 2025, Zarnas entered into a Subcontract with Road-Con (the "Subcontract") under which Zarnas provided, *inter alia*, various labor, equipment, and materials relating to blasting, painting, and concrete restoration of bridges on the Project, including the Wayne, Logan, Chew, Mount Pleasant, and Cresheim Valley bridges, for a total approximate price of $2,456,078.50. A true and correct copy of the Subcontract is attached hereto as **Exhibit A**.

10. The Subcontract excluded any out-of-sequence work. *See* Subcontract at p. 2.

11. Upon information and belief, pursuant to the Prime Contract, Road-Con was required to procure bonds for the protection of all persons supplying labor and/or materials on the Project.

12. Payment Bond. No. 30239542 was issued for the Project by Western Surety on February 27, 2025, with Road-Con as the Principal, with a penal sum in the amount of $17,129,787.50 (the "Payment Bond"). A true and correct copy of the Payment Bond is attached hereto as **Exhibit B**.

13. Regarding the Chew Street Bridge, Zarnas' original scope of work was to blast and paint the exposed steel members on the bridge and perform spall repairs.

14. Zarnas' scope of work did not include waterproofing or preparation work for waterproofing.

15. However, with only three (3) days' notice, Road-Con requested that Zarnas perform prep work for waterproofing, including, *inter alia*, sandblasting and priming the topside decking of the bridge.

16. Road-Con acknowledged that this additional blasting and painting was extra work outside the original scope of the Subcontract, and Zarnas submitted a change order request for the additional work ("COR 1"). A true and correct copy of COR 1 is attached hereto as **Exhibit C**.

17. Despite requesting and authorizing the work, Road-Con has failed and refused to pay Zarnas $645,390.00 for this additional work.

18. Furthermore, Zarnas encountered inefficiencies and additional costs relating to its work on the Wayne Bridge and Chew Bridges, including, but not limited to, costs for additional mobilizations/demobilizations and containment.

19. By way of example, Road-Con failed to timely obtain steel and properly sequence the work, which forced Zarnas to work out of the planned sequence.

20. Road-Con acknowledged various inefficiencies, and Zarnas submitted COR 8 for its inefficiency costs; however, Road-Con has failed and refused to pay Zarnas the $376,440.88 in costs for the inefficiencies. A true and correct copy of COR 8 is attached hereto as **Exhibit D**.

21. Zarnas provided reasonable and factual calculations for the extra costs backed by daily reports and certified payrolls; however, Road-Con rejected CORs 1 and 8, and have refused to pay Zarnas in excess of one million dollars.

22. Despite the fact that Road-Con engaged Zarnas to perform work on all five bridges, Road-Con unilaterally decided to remove items from Zarnas' scope of work without any notice and opportunity to cure and A proceeded to complete the work on the Mount Pleasant and Logan bridges with a different subcontractor.

23. Among other improper backcharges, Road-Con is further attempting to backcharge Zarnas for portions of the work performed by the subsequent subcontractor, instead of reducing the Subcontract values for the work improperly removed from Zarnas' scope.

24. Zarnas performed its work under the Subcontract in a professional and workmanlike manner; however, Zarnas remains unpaid in an amount in excess of one million dollars ($1,000,000.00).

25. Zarnas' last date of work on the Project was November 21, 2025.

26. On May 27, 2026, Zarnas issued a bond claim (the "Bond Claim") to Western Surety requesting payment in excess of $1,021,830.88. A true and correct copy of the Bond Claim is attached hereto as **Exhibit E**.

27. There is no basis for Western Surety to deny Zarnas' claim under the Payment Bond.

28. All conditions precedent to filing suit have been satisfied and/or waived.

**COUNT I**
**BREACH OF BOND OBLIGATION**

29. Zarnas incorporates the preceding paragraphs by reference, as if fully set forth herein.

30. Zarnas performed all of its work on the Project and under the Subcontract in a professional and workmanlike manner, and in accordance with the applicable plans, specifications, and manufacturers' recommendations.

31. Road-Con has failed and/or refused to pay Zarnas in excess of $1,021,830.88 for its work on the Project.

32. Western Surety issued the Payment bond on behalf of Road-Con in order to secure payment to subcontractors and material suppliers that provided labor and materials in connection with the Project, including Zarnas.

33. Zarnas is a claimant under the Payment Bond and submitted its Bond Claim on May 27, 2026 in accordance with the provisions of the Payment Bond.

34. In executing the Payment Bond, Western Surety obligated itself to pay amounts due to claimants supplying labor, equipment, and materials furnished to the Project.

35. Accordingly, Western Surety has an obligation under the Payment Bond to pay the amount claimed by Zarnas for its work performed on the Project.

36. All conditions precedent to commencing an action against Western Surety under the Payment Bond and/or pursuant to Pennsylvania law have been satisfied and/or have been waived by Western Surety.

37. As of the date of this filing, Western Surety has failed to make payment on the Bond Claim.

**WHEREFORE**, Plaintiff, G.C. Zarnas & Co., Inc. (NE), respectfully requests that judgment be entered in its favor and against Defendant, Western Surety Company, in the amount in excess of $1,021,830.88, plus finance charges, interest, penalties, cost of suit, attorney's fees, and other such relief as this Court deems just, proper, and equitable.

**Respectfully submitted,**

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

*/s/ Jason Copley*

JASON A. COPLEY, ESQUIRE (72774)
MARY C. EMERT, ESQUIRE (323304)
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
(215) 564-1700
jcopley@cohenseglias.com
kgleason@cohenseglias.com
*Attorneys for Plaintiff,*
*G.C. Zarnas & Co., Inc. (NE)*

Dated: August 18, 2026